IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOYCE ELAINE PHILLIPS, DANIEL
T. SCHOPP, BEVERLY BREDE d/b/a
CUSTOM CARPET, and JOSEPH
GULASH, individually and on behalf of
other similarly situated,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.                                              No. 05-CV-503-DRH

MEMORANDUM AND ORDER

I. Introduction

Before the Court is a Motion to Remand submitted by Plaintiffs Joyce Elaine Phillips, Daniel T. Schopp, Beveryly Brede d/b/a Custom Carpet, and Joseph Gulash, individually and on behalf of others similarly situated (together, "Plaintiffs"). (Doc. 10.) On October 26, 1999, Plaintiffs commenced this action in Madison County Circuit Court. (Doc. 1, Ex. A.) On July 15, 2005, Defendant Ford Motor Company ("Ford") removed the case. (Doc. 1.) Plaintiffs filed their Motion to Remand on August 4, 2005. (Doc. 10.) Defendant responds in opposition. (Doc. 25.)

II. Background

As noted above, Plaintiffs first brought their action on October 26, 1999. (Doc. 1, Ex. A.) In their initial complaint, Plaintiffs alleged that Defendant committed "common law and consumer" fraud by using a defective vehicle-painting process on its model-year 1988-1997 vehicles. (Doc. 1, Ex. A, ¶¶ 1-7.) Plaintiffs amended their complaint on April 18, 2001, removing model-year 1988, 1996, and 1997 vehicles from the scope of the action. (Doc. 1, Ex. B.) On September 15, 2003, the Madison County court certified two classes in this case, one for common-law fraud and one for consumer fraud. (Doc. 1, Ex. E.) These classes include past and present owners and lessees of model-year 1989-1996 Ford vehicles. (*Id.*)

On April 1, 2005, Plaintiffs sought leave to file a Second Amended Complaint, in which they proposed to add two additional class members and revise their class allegations to comport with the Madison County court's certification order. The Madison County court granted this request over Defendant's opposition, and Plaintiffs filed their Second Amended Complaint on June 16, 2005. (Doc. 2.) This Complaint added two named Plaintiffs, Beverly Brede and Joseph Gulash ("Brede" and "Gulash"), and expanded the scope of Plaintiffs' action to include Ford vehicles manufactured in model-year 1996.

Defendant argues that because Plaintiffs amended their complaint after the effective date of the **Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (amending 28 U.S.C. § 1332)** ("CAFA" or the "Act"), CAFA applies to Plaintiffs' action and jurisdiction is therefore proper in the federal courts. (Docs.

1, 19.) Plaintiffs respond that neither their post-effective-date complaint revision nor the addition of two new named Plaintiffs "commences" their action for the purposes of CAFA, and, therefore, remand is appropriate. (Docs. 10, 25.)

### III. Analysis

#### A. Removal Standard

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. **See 28 U.S.C. § 1441;** *Caterpillar Inc. v. Williams*, **482 U.S. 386, 392 (1987)**. Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, **985 F.2d 908, 911 (7th Cir. 1993)**. The burden of establishing jurisdiction in the federal courts falls on the party seeking removal. *Doe v. Allied Signal, Inc.*, **985 F.2d 908, 911 (7th Cir. 1993)**.

#### B. Class Action Fairness Act

CAFA was enacted by Congress on February 18, 2005 and applies only to cases commencing thereafter. **Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (amending 28 U.S.C. § 1332(d)(2))**. A case "commences" for purposes of CAFA when the plaintiff's complaint is filed in state court, not when it is removed. *Knudsen*, **411 F.3d 805, 806 (7th Cir. 2005)**. "Amendments to class definitions do not commence new suits." *Schorsch v. Hewlett-Packard Co.*, **417 F.3d 748, 751 (7th Cir. 2005)** (further specifying that "the workaday changes routine in class suits" do not initiate distinct claims).

3

Defendant argues that because Plaintiffs' Second Amended Complaint expands the number of affected products to include model-year 1996 Ford vehicles, and because Plaintiff adds two new named Plaintiffs, Plaintiffs have commenced a new case. The Court finds that this reasoning runs counter to ***Schorsch***. Plaintiffs' changes are precisely the sort of "routine," "workaday" amendments the Seventh Circuit envisioned.

As Defendant points out, Plaintiffs made two primary changes when they filed their Second Amended Complaint on April 1, 2005. First, they amended the definition of their class to comport with the Madison County court's 2003 certification order. Under ***Schorsch***, this act clearly does not "commence" a new case for CAFA purposes. *See **Schorsch, 417 F.3d at 751***. Second, Plaintiffs added two new named Plaintiffs, Brede and Gulash, to their case. Defendant argues that this addition is not "routine," and that Brede (whose Ford vehicle was manufactured in 1996) "is a new party who has brought brand new claims." (Doc. 19, p. 13 n.5.) The Court finds these arguments unpersuasive. The facts and circumstances underlying Gulash's claims are encompassed by each of Plaintiffs' first two complaints (the first of which was filed on October 26, 1999), while the facts and circumstances underlying Brede's claims are encompassed both by Plaintiffs' original complaint and by the Madison County court's 2003 certification order. Both sets of claims, moreover, arise of the same general set of facts as Plaintiffs' other claims.

4

## IV. Conclusion

For these reasons, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 10) and **REMANDS** this case to the Madison County Circuit Court. Defendant's Motion for Oral Argument (Doc. 18) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 17th day of October, 2005.

/s/         David RHerndon
**United States District Judge**

5