IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOYCE ELAINE PHILLIPS, DANIEL T. SCHOPP, BEVERLY BREDE d/b/a CUSTOM CARPET, and JOSEPH GULASH, individually and on behalf of other similarly situated,**

**Plaintiffs,**

**v.**

**FORD MOTOR COMPANY,**

**Defendant.**  No. 05-CV-503-DRH

### ORDER

**HERNDON, District Judge:**

Now before the Court is Plaintiffs' motion for attorneys' fees and costs pursuant to **28 U.S.C. § 1447(c)**. (Doc. 36.) On October 17, 2005, the Court granted Plaintiffs' motion to remand this case, sending this case back to the Madison County Circuit Court. (Doc. 34.) Since then, Defendant has filed a petition with Seventh Circuit under **28 U.S.C. § 1453(c)** seeking permission to appeal this ruling. To the best of the Court's knowledge, permission has not yet been granted.[1]

In the Seventh Circuit, there is a presumption favoring an award of fees

---

[1] Even if the Seventh Circuit had granted Defendant permission to appeal, this Court would still have jurisdiction over Plaintiffs' motion for fees and costs. *See* **Kusay v. United States of America**, **62 F.3d 192, 194 (7th Cir. 1995)**.

in the remand context. ***Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003)**; *see also* **28 U.S.C. § 1447(c)**. This presumption, however, is not irrebbutable. ***Sirotzky*, 347 F.3d at 987**. Here, Defendant's removal was premised upon an interpretation of the newly enacted **Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (amending 28 U.S.C. § 1332)** ("CAFA" or the "Act"), that, at the time Defendant removed, had not been foreclosed. Given the newness of the Act, and given the fact that at the time Defendant removed there was considerable degree of uncertainty surrounding the manner in which CAFA would be interpreted, the Court finds an award of attorneys' fees inappropriate in this instance.

      Moreover, even if this Court were inclined to consider attorney fees, the request of class counsel shocks the Court.[2] Fifty thousand dollars for a remand motion? For some reason it took two lawyers to accomplish the task of writing this motion, which they claim took nearly one hundred and thirty hours to complete. They stake their positions as officers of the Court on these claims because they made them under oath. They purport, despite being so slow to prepare the motion, to be experienced. One has been licensed since 1993 and the other since 1996. Though they have only been licensed for such a short time, they believe their time is worth $435 and $350 per hour respectively. (This Court has paid as much as $350 per ~~hour for remand-motion~~ time, but only to a more experienced lawyer who was a

---

[2] Attorneys for Plaintiffs have requested $49,890 in fees. (Doc. 36, ¶ 8.)

partner and far more efficient about his productivity.)  By now the reader might have discerned by the tone of this passage that if this Court were to consider attorney fees, they wouldn't look  anything like those requested by class counsel.  The Court further informs Plaintiffs' counsel that in the Seventh Circuit, denial is now an appropriate sanction for exorbitant requests for attorneys' fees and costs (which Plaintiffs' request certainly is).  ***Budget Rent-A-Car Sys., Inc. v. Consolidated Equity, LLC*, 2005 U.S. App. LEXIS 23829\*, \*4 (7th Cir. 2005)** ("When an award of fees is permissive, denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award.")  Plaintiffs' motion is **DENIED**.  (Doc. 36.)

    **IT IS SO ORDERED.**

Signed this 30th day of November, 2005.


       /s/          David RHerndon
       **United States District Court**