# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT- WITHOUT ORAL ARGUMENT

Date: January 30, 2006

BEFORE:  Honorable RICHARD A. POSNER, Circuit Judge

Honorable KENNETH F. RIPPLE, Circuit Judge

Honorable DIANE P. WOOD, Circuit Judge

No. 05-8031

JOYCE ELAINE PHILLIPS, et al.,
        Plaintiffs - Respondents,
  v.

FORD MOTOR COMPANY,
        Defendant - Petitioner.

No. 05-8032

THOMAS BOXDORFER, et al.,
        Plaintiffs - Respondents,
  v.

DAIMLERCHRYSLER CORPORATION,
        Defendant - Petitioner.

Petitions for Leave to Appeal from the United States District Courts for the Southern and Central Districts of Illinois.
Nos. 05 C 503, 05 C 3221, David R. Herndon, Jeanne E. Scott, Judges.

The decisions of the district courts are AFFIRMED, in accordance with the decision of this court entered on this date.

(1060-110393)

True Copy
Teste:

United States
Appeals for the
Seventh Circuit.

CERTIFIED COPY

# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 05-8031

JOYCE ELAINE PHILLIPS, *et al.*, on behalf of
   themselves and all others similarly situated,

                                   *Plaintiffs-Respondents*,

               *v.*

FORD MOTOR COMPANY,

                                   *Defendant-Petitioner*.

No. 05-8032

THOMAS BOXDORFER, *et al.*, on behalf of
   themselves and all others similarly situated,

                                   *Plaintiffs-Respondents*,

               *v.*

DAIMLERCHRYSLER CORPORATION,

                                   *Defendant-Petitioner*.

---

Petitions for Leave to Appeal from the United States District
Courts for the Southern and Central Districts of Illinois.
Nos. 05-CV-503-DRH, 05-3221—**David R. Herndon,**
**Jeanne E. Scott,** *Judges.*

---

SUBMITTED NOVEMBER 1, 2005—DECIDED JANUARY 30, 2006

---

Before POSNER, RIPPLE, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. Before us are petitions for leave to appeal under the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4, from orders remanding two class action suits to Illinois state courts. The question the petitions present is whether amending a complaint to add or substitute named plaintiffs (class representatives) "commences" a new suit. *Id.*, § 9. The suits were filed before the effective date of the Class Action Fairness Act but the amendments came after. So if the amendments are deemed to commence new suits, these suits are removable to federal district court; otherwise not. *Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005); *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232 (10th Cir. 2005). No appellate court has yet decided whether adding named plaintiffs to a class action suit "commences" a new suit for purposes of removal under CAFA.

The suits complain about the paint jobs on cars manufactured by the defendants. In the *Phillips* case, the plaintiffs, after first alleging a class consisting of purchasers of 1988 through 1997 Ford models, amended their complaint to limit the class to the 1989 through 1995 model years. Nevertheless, for reasons that are obscure, the judge without being asked to do so certified a class that included the 1996 models and in response the plaintiffs amended their complaint a second time in order to add to their ranks the owner of a 1996 model. This amendment came after CAFA's effective date. In the *Boxdorfer* case, the plaintiffs who were added by amendment after the Act's effective date were members of the original class; they were added because it was discovered that the claims of the original named plaintiffs might be barred by the statute of limitations.


Nos. 05-8031, 05-8032                                    3

"A routine amendment to the complaint does not commence a new suit." *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005). But is adding a plaintiff to a class action suit "routine"? We said in *Schorsch* that "a defendant added after [CAFA's effective date] could remove because suit *against it* would have been commenced after the effective date, and tacking a wholly distinct claim for relief onto an old suit likewise might commence a new proceeding." *Id.* (emphasis in original). An amendment that merely changed the definition of and hence membership in the class was "routine," but we noted that the suit remained one between the original parties. No named plaintiffs had been added; the alteration of the class had added just new, unnamed class members. *Id.* at 750.

Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ("routine") feature of class action litigation both in the federal courts and in the Illinois courts. *Gates v. Towery*, 430 F.3d 429, 430 (7th Cir. 2005); *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1339 (11th Cir. 2003); *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 106-07 (4th Cir. 1999); *Wheatley v. Board of Education*, 459 N.E.2d 1364, 1366-68 (Ill. 1984); *Yu v. International Business Machines Corp.*, 732 N.E.2d 1173, 1178-79 (Ill. App. 2000); *Hess v. I.R.E. Real Estate Income Fund*, 629 N.E.2d 520, 525-27 (Ill. App. 1999). But there is a potential complication here: the plaintiff class in *Boxdorfer* has not been certified, and we do not know whether a motion for certification is pending or has been denied.

Strictly speaking, if no motion to certify has been filed (perhaps if it has been filed but not acted on), the case is

not yet a class action and so a dismissal of the named plaintiffs' claims should end the case. E.g., *Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1998). If the case is later restarted with a new plaintiff, it is a new commencement, a new suit. But the courts, both federal and Illinois, are not so strict. Unless jurisdiction never attached, as in *Walters v. Edgar, supra*, or the attempt to substitute comes long after the claims of the named plaintiffs were dismissed, as in *Lusardi v. Xerox Corp.*, 975 F.2d 964, 977-78 (3d Cir. 1992); see also *Sze v. INS*, 153 F.3d 1005, 1010 (9th Cir. 1998); *Tucker v. Phyfer*, 819 F.2d 1030, 1036 (11th Cir. 1987), substitution for the named plaintiffs is allowed. *Baxter v. Palmigiano*, 425 U.S. 308, 310 n. 1 (1976); *Gates v. Towery, supra*, 430 F.3d at 430; *Egan v. Davis*, 118 F.3d 1148, 1150 (7th Cir. 1997); *Rosetti v. Shalala*, 12 F.3d 1216, 1232 n. 33 (3d Cir. 1993); *In re Thornburgh*, 869 F.2d 1503, 1508-09 (D.C. Cir. 1989); *Gotches v. Heckler*, 773 F.2d 108, 115 (7th Cir. 1985) (concurring opinion); *Wheatley v. Board of Education, supra*, 459 N.E.2d at 1367-68; *Yu v. International Business Machines Corp., supra*, 732 N.E.2d at 1179; *Hess v. I.R.E. Real Estate Income Fund, supra*, 629 N.E.2d at 526-27.

The courts thus disregard the jurisdictional void that is created when the named plaintiffs' claims are dismissed and, shortly afterwards, surrogates step forward to replace the named plaintiffs. See also *Schreiber Foods, Inc., v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005), and *Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1371-72 (Fed. Cir. 2004), discussed in *DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1238-40 (N.D. Ill. 2005). This may seem irregular; but maybe there isn't really a jurisdictional void, since the class member who steps forward to take the place of the dismissed plaintiff has a real controversy with the defendant. In any event,

Nos. 05-8031, 05-8032  5

although substitution of new named plaintiffs is sought in *Boxdorfer*, the named plaintiffs' claims, though in jeopardy, haven't been dismissed; the case is very much alive.

Since the question for decision, now that the jurisdictional wrinkle has been smoothed out, is whether adding named plaintiffs commences a new suit *in state court*, the answer should depend on state procedural law. The clearest case in which an amended complaint does not kick off a new suit is where the amendment "relates back" to the original complaint. For then the fact that the statute of limitations has run (as it may have against the named plaintiffs in *Boxdorfer*) is not a bar, as it would be if the amended complaint did not relate back—that is, if it stated a new claim and thus kicked off a new suit. *Norman A. Koglin Associates v. Valenz Oro, Inc.*, 680 N.E.2d 283, 289-91 (Ill. 1997); *Byson v. News America Publications*, 672 N.E.2d 1207, 1222-24 (Ill. 1996); *Wolf v. Meister-Neiberg, Inc.*, 570 N.E.2d 327 (Ill. 1991). Under Illinois law as under federal law, an amendment relates back when it arises out of "the same transaction or occurrence set up in the original pleading." 735 ILCS 5/2-616(b); *Chandler v. Illinois Central R.R.*, 798 N.E.2d 724, 732-33 (Ill. 2003); see Fed. R. Civ. P. 15(c); *Delgado-Brunet v. Clark*, 93 F.3d 339, 343 (7th Cir. 1996); *BP West Coast Products v. FERC*, 374 F.3d 1263, 1312 (D.C. Cir. 2004) (per curiam). That well describes these cases—obviously *Boxdorfer* but only a little less clearly *Phillips*, for remember that the original complaint in that case included the 1996 model year.

Relation back to add named plaintiffs in a class action suit is of particular importance because of the interests of the unnamed members of the class. Suppose Mr. X files a class action and after the statute of limitations has run the defendant settles with X. If a named plaintiff cannot be

substituted for X with relation back to the date of the filing of the original complaint, the class will be barred from relief. That is the fate looming in *Boxdorfer* if relation back is denied, and for all we know in *Phillips* as well for class members who own 1996 Ford models. Since, for this reason, Illinois in effect allows named plaintiffs to be substituted with relation back ("in effect" because the formal rule is that the filing of a class action tolls the statute of limitations for class members, so that they can if necessary be substituted for the named plaintiffs, without being barred by reason of the passage of time since the suit was filed), *Steinberg v. Chicago Medical School*, 371 N.E.2d 634, 645 (Ill. 1977); *Regnery v. Meyers*, 679 N.E.2d 74, 81 (Ill. App. 1997) (this is also the federal rule, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553 (1974); *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002)), the addition of such plaintiffs in the two cases before us did not commence new suits. Remand was therefore required, as the district judges ruled.

AFFIRMED

A true Copy:

    Teste:

           *Christi Duff Hollus* deputy
           Clerk of the United States Court of
           Appeals for the Seventh Circuit